# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Demone Rule,                 )
                               )
          Petitioner,     )
                               )     Case No. 19-cv-8361
        v.                )
                               )     Judge John Robert Blakey
United States of America,   )
                               )
          Respondent.   )

## <u>MEMORANDUM OPINION AND ORDER</u>

On June 28, 2017, a jury found petitioner Demone Rule guilty of being a felon in possession of a handgun in violation of 18 U.S.C. § 922(g). At sentencing, this Court found Petitioner subject to the Armed Career Criminal Act (ACCA) sentencing enhancement and sentenced Petitioner to 235 months imprisonment. Petitioner now asks this Court to vacate, set aside, or correct his sentence or to grant an evidentiary rehearing pursuant to 28 U.S.C. § 2255.

In his request, Petitioner alleges that his trial counsel provided ineffective assistance at sentencing because she failed to challenge the use of his conviction for cocaine delivery, in violation of 720 Ill. Comp. Stat. 570.0/401-C-1, as a qualifier for his Armed Career Criminal (ACC) status. He also alleges that counsel provided ineffective assistance on appeal because she did not challenge the use of his cocaine delivery conviction as an ACC qualifier and failed to move for a stay in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019); further, Petitioner contends that he is entitled to vacatur because the government failed to meet *Rehaif*'s scienter

requirements. For the reasons explained below, this Court denies Petitioner's motion [1] and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c).

## I. BACKGROUND

In June 2016, the Grand Jury charged Petitioner with a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). *See United States v. Rule*, No. 16-cr-00420, 2017 WL 3158873, at *1 (N.D. Ill. July 25, 2017), *aff'd*, 744 F. App'x 960 (7th Cir. 2018).[1]

After a three-day trial, a jury found Defendant guilty of the charged offense. *Id.* The presentence investigation report and the government's sentencing memorandum both noted that Petitioner previously had been convicted of: (1) delivery of a controlled substance (heroin) (No. 97-cr-1426101); (2) possession of a controlled substance (cocaine) with intent to deliver within 1000 feet of a school (No. 13-cr-1335901); and (3) a violent felony(attempted first degree murder) (No. 97-cr-1284001). [14] at 2–3; *Rule*, No. 16-cr-00420, [69], [71].

Petitioner, in his sentencing memorandum, challenged the use of his attempted murder conviction as an ACC qualifier. [14] at 4; *Rule*, No. 16-cr-00420, [72]. But he did not challenge the use of his remaining two prior convictions— delivery of heroin and possession of cocaine, respectively—for this purpose. [14] at 4; *Rule*, No. 16-cr-00420, [72]. Petitioner argues that defense counsel failed to "follow

---

[1] Petitioner moved to dismiss the indictment, arguing that he had been improperly charged with being an armed career criminal in violation of 18 U.S.C. § 924(e)(1), a subsection of the ACCA. *Rule*, 2017 WL 3158873, at *1. This Court denied Petitioner's motion and noted that the inclusion of the § 924(e)(1) allegation simply "articulates a potential modification of a defendant's sentence in light of his prior convictions," with "its applicability, if any, . . . determined at sentencing by the Court." *Id.*

his 'express instruction' *not* to challenge" the use of his Illinois attempted murder conviction as an ACC qualifier and to "instead challenge his 1998 Manufacture/Delivery of Cocaine prior conviction." [1] at 4.

At sentencing, this Court found that Petitioner qualified for the ACC sentencing enhancement based upon the three prior convictions and sentenced Petitioner to 235 months imprisonment. [14] at 5; *Rule*, No. 16-cr-00420 [89] at 12:15–13:15. Before imposing sentence, this Court overruled Petitioner's objection to the use of his attempted murder conviction as an ACC qualifier. [14] at 4–5; *Rule*, No. 16-cr-00420 [89] at 12:15–13:15.

Petitioner subsequently appealed his sentence. *Rule*, 744 Fed. App'x at 960. On appeal, Petitioner's "sole contention" was that "his Guidelines range was miscalculated" because "Illinois attempted murder is not categorically a 'violent felony'" under the Armed Career Criminal Act's (ACCA) "'elements' clause." *Rule*, 744 Fed. App'x at 960–61. Again, Petitioner contends that defense counsel ignored his instruction to "raise the meritorious issue of his" Illinois cocaine delivery conviction "being . . . precluded from" use "as a predicate offense for purposes of the" ACCA. [1] at 8.

The Seventh Circuit affirmed the sentence imposed by this Court, concluding that "because the element of attempted use of physical force makes a felony violent under the ACCA, attempted Illinois murder is also a violent felony." *Rule*, 744 Fed. App'x at 961. The United States Supreme Court denied certiorari in April 2019.

3

*Rule v. United States*, 139 S. Ct.1588, 1588 (2019).  On December 16, 2019, Petitioner filed his § 2255 petition before this Court.  [1].

In July 2020, the Seventh Circuit held that an Illinois cocaine delivery conviction was not a "felony drug offense" for the purpose of 21 U.S.C. § 841(b)(1)(C)'s sentencing enhancement because the Illinois statute criminalizing cocaine delivery covered a larger swath of conduct than its federal counterpart, the Controlled Substance Act.  *United States v. Ruth*, 966 F.3d 642, 647–48 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021).  Like § 841(b)(1)(C), the ACCA incorporates the Controlled Substances Act's schedules of controlled substances to define a "serious drug offense" predicate.  18 U.S.C. § 924(e)(2).  Accordingly, under *Ruth*, Illinois cocaine delivery convictions are not "serious drug offenses" within the meaning of the ACCA.

## II.    LEGAL STANDARD

Relief granted under § 2255 is "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process."  *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).  This relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack."  *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255).  A § 2255 motion is not a substitute for a direct criminal appeal.  *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007).

Additionally, "a district court need not grant an evidentiary hearing in all §
2255 cases." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). When "the
motion and the files and records of the case conclusively show that the prisoner is
entitled to no relief," no evidentiary hearing is required. *Id.* (quoting 28 U.S.C. §
2255). If, however, a habeas petitioner "alleges facts that, if proven, would entitle
him to relief, the district court must grant an evidentiary hearing. *Id.* (quoting
*Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006)).

## III.  ANALYSIS

### A.  Ineffective Assistance of Counsel

When a habeas petitioner claims ineffective assistance of counsel in violation
of the Sixth Amendment, courts assess counsel's performance using the two-prong
test developed in *Strickland v. Washington*, 466 U.S. 668 (1984). *See, e.g.*, *Vinyard v.
United States*, 804 F.3d 1218, 1224–28 (7th Cir. 2015). To prevail under *Strickland*,
a petitioner must show: (1) "that his attorney's performance was deficient"; and (2)
"that he was prejudiced as a result." *Id.* at 1224–25 (applying *Strickland*). Failure
to satisfy either prong of the *Strickland* test defeats an ineffectiveness claim. *See
Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

#### 1.  Assistance at Sentencing

##### a.  Deficient Performance

To satisfy the first prong—deficient performance—a petitioner must show that
his attorney's performance "fell below an objective standard of reasonableness" when
measured against "prevailing professional norms." *Osagiede v. United States*, 543

5

F.3d 399, 408 (7th Cir. 2008). This analysis is "highly deferential" with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Vinyard*, 804 F.3d at 1225 (quoting *Strickland*, 466 U.S. at 689). When an attorney's decision is a matter of trial strategy, this Court may not "second-guess counsel's judgment and replace it with our own." *United States v. Lathrop*, 634 F.3d 931, 937 (7th Cir. 2011).

i.   Failure to Follow Petitioner's Instructions

Petitioner alleges that he has met "the deficient prong in *Strickland*" because his attorney failed "to follow the Petitioner's express instructions to challenge his May 5, 1998 manufacture/delivery of cocaine prior Illinois drug conviction" as an ACC qualifier, choosing instead to challenge Petitioner's Illinois attempted murder conviction. [1] at 7. But even assuming that Petitioner did, in fact, give "express instruction" to his attorney as alleged, the decision to disregard such instruction does not render counsel's performance deficient.

Petitioner's constitutional right to effective counsel does not include the "right to be represented by an attorney who shares the defendant's belief" as to the best strategy before the trial court. *United States v. Taylor*, 128 F.3d 1105, 1108 (7th Cir. 1997). Although a significant dispute about strategy may, under circumstances not present here, "implicate a defendant's right to counsel of choice," such a dispute does not constitute "deficient performance under the test for ineffective assistance of counsel." *Carlson v. Jess*, 526 F.3d 1018, 1027 (7th Cir. 2008). Accordingly, the mere

disagreement between Petitioner and his counsel about the grounds for challenging ACC status does not establish ineffective assistance.

Likewise, Petitioner does not allege (nor can he show) that his attorney's decision fell outside "the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 690. Even though Petitioner suggests that Seventh Circuit precedent foreclosed counsel's attempt to challenge his attempted murder conviction as an ACC qualifier, [1] at 2–4, counsel appropriately acknowledged the Seventh Circuit decisions on this issue and exercised reasonable judgment to argue in good-faith against their application to Petitioner's case at sentencing. *See Rule*, No. 16-cr-00420, [89] at 7:3–9:22.

### ii.     Failure to Anticipate Legal Developments

Separate from counsel's failure to adopt Petitioner's preferred litigation strategy, Petitioner now argues in his reply brief that counsel's performance was deficient because she failed to "anticipate" arguments to "challenge the use of Illinois drug convictions as" ACC qualifiers. [21] at 1–7. Generally, defense attorneys are "not obliged to anticipate changes in the law." *Shaw v. Wilson*, 721 F.3d 908, 916 (7th Cir. 2013). They may, however, be "obliged to make an argument that is sufficiently foreshadowed in existing case law." *Id.* at 917. Accordingly, this Court now asks whether the case law at the time of Petitioner's sentencing sufficiently foreshadowed the Seventh Circuit's decision in *Ruth*, which effectively barred the use of Illinois cocaine delivery convictions as ACC qualifiers.

In support of his petition, Plaintiff cites two cases that purportedly foreshadowed *Ruth*: *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569, (5th Cir. 2016). *See* [21] at 2–6. In *Mathis*, the Supreme Court held that a conviction under Iowa's burglary statute could not count as an ACC qualifier because the elements of the crime covered a "greater swath of conduct than the elements of the relevant ACCA offense (generic burglary)." 136 S. Ct. at 2251. And in *Hinkle*, the Fifth Circuit applied this reasoning, holding that a defendant's prior Texas "conviction for the knowing delivery of heroin" could not "serve as a predicate offense under the Career Offender Guideline provision" because the delivery element of the defendant's crime of conviction criminalized a "'greater swath of conduct than the elements of the relevant [Guidelines] offense.'" 832 F.3d at 576–77 (quoting *Mathis*, 136 S. Ct. at 2251).

Although there are substantive differences between these cases, both *Mathis* and *Hinkle* stand for the general principle that a conviction under a state statute should not serve as a predicate offense for purposes of a federal sentencing scheme if that state statute criminalizes a set of activities broader than that described in the relevant federal statute or sentencing guideline.

The problem here is that, at the time of Petitioner's sentencing, courts within this circuit had already expressly rejected the argument that, under this rule, Illinois cocaine delivery convictions could not serve as predicate offenses for purposes of the ACCA or the career offender guidelines. *See, e.g.*, *United States v. Nolan*, No. 17 C 50037, 2017 WL 6813705, at *2 (N.D. Ill. Nov. 20, 2017) (distinguishing *Hinkle* and

8

noting that *Mathis* did "not apply to the Illinois felony for delivery of a controlled substance and thus" that the "defendant's ACCA sentence" was "unaffected by *Mathis*"); *United States v. Redden*, 875 F.3d 374, 374–75 (7th Cir. 2017) (rejecting *Hinkle*-based argument that Illinois delivery of controlled substance conviction did not qualify as a controlled substance offense under the Sentencing Guidelines career-offender provision and finding that any "conduct meeting the state's definition of 'delivery'" fell within the scope of a "controlled substance offense" for the purpose of the career-offender enhancement); *Cotton v. Werlich*, No. 17-cv-1140, 2017 WL 5972997, at *2–3 (S.D. Ill. Nov. 30, 2017) (similar); *United States v. Smith*, No. 17 CV 324, 2017 WL 5891263, at *9–10 (N.D. Ill. Nov. 28, 2017) (similar).

The case law described above distinguishes this case from *Bridges v. United States*, 991 F.3d 793 (7th Cir. 2021), upon which Petitioner heavily relies. In *Bridges*, a prisoner filed a § 2255 petition based upon his defense attorney's purported ineffective assistance in negotiating a guilty plea. *Id.* at 797. Specifically, the petitioner argued "that his lawyer failed to realize and argue that" the petitioner's conviction for "robbery in violation of the Hobbs Act, 18 U.S.C. § 1951," did not qualify "as a 'crime of violence' under the [Sentencing Guidelines]." *Id.* As a result of counsel's failure, the petitioner argued, he was wrongly "categorized as a career offender." *Id.* The district court denied petitioner relief without a hearing, "reasoning that counsel's failure to anticipate arguments" not yet accepted by the Seventh Circuit could not have been "constitutionally deficient." *Id.*

9

The Seventh Circuit reversed for an evidentiary hearing. *Id.* Although the Seventh Circuit had yet to conclude that "Hobbs Act robbery" was "not a 'crime of violence' as . . . defined in the Guidelines" at the time of petitioner's guilty plea, the lack of "binding in-circuit precedent on this exact issue" did not defeat petitioner's Sixth Amendment argument. *Id.* at 797–98, 803–04. Without reaching the ultimate issue of whether defense counsel's performance was deficient, the court noted that the proposed challenge to the career offender enhancement was "sufficiently foreshadowed" by a recent amendment to the Sentencing Guidelines that "narrowed its definition of 'crime of violence,'" and a "Tenth Circuit decision squarely holding that Hobbs Act robbery was no longer a crime of violence" under that amendment. *Id.* at 798, 805–06.

In contrast to *Bridges*, during the relevant time here, no out-of-circuit precedent "squarely" addressed the issue Petitioner claims his attorney should have raised. More importantly, at that time, courts within this circuit had already rejected the argument that Illinois cocaine delivery convictions were not ACC qualifiers. *See, e.g.*, *Nolan*, 2017 WL 6813705, at *2. Accordingly, *Bridges* does not compel an evidentiary hearing or relief here.

Lastly, Petitioner, again relying upon *Bridges*, argues that "the fact that" his sentence "was nearly doubled" by the ACC enhancement "was cause for counsel to challenge the drug predicates." [21] at 6–7; *see also Bridges*, 991 F.3d at 806 (reversing the district court's denial of postconviction relief under § 2255 because "the career offender guideline dramatically increased the advisory sentence, so that the

issue deserved more attention than counsel had apparently given it"). Again, this case is not *Bridges*. In *Bridges*, defense counsel "did not challenge the guideline calculations" *at all*. 991 F.3d at 798. Here, in contrast, nothing suggests defense counsel neglected this issue. As Petitioner himself admits, defense counsel challenged the use of Petitioner's Illinois attempted murder conviction as an ACC qualifier at sentencing. [21] at 5; *see also* [1] at 14–20. And defense counsel raised the same argument on appeal. *Rule*, 744 F. App'x at 961.

b.     Prejudice

Petitioner's claim of ineffective assistance of counsel at sentencing also fails the second prong of the *Strickland* test. To show prejudice from counsel's ineffective assistance at sentencing, a habeas petitioner must "show that there was a reasonable probability that he received additional prison time because of counsel's error." *Clay v. United States*, 311 F. Supp. 3d 911, 919 (N.D. Ill. 2018) (quotation omitted). A "reasonable probability" is one "sufficient to undermine confidence in the outcome" of the earlier proceedings. *Strickland*, 466 U.S. at 694.

If Petitioner's attorney had challenged the use of Petitioner's cocaine delivery conviction as an ACC qualifier, the challenge would not have produced a shorter sentence. Petitioner cites several cases that, in his view, would have compelled this Court to not treat his cocaine delivery conviction as an ACC qualifier. But assuming arguendo these cases might have applied to Petitioner in the manner he suggests, they would have had no effect on his sentence because all but three of the authorities cited by Petitioner *postdate* his sentencing hearing. [1] at 4–7 (citing *Lorenzo v.*

11

*Whitaker*, 752 F. App'x 482 (9th Cir. 2019); *Lorenzo v. Sessions*, 902 F.3d 930 (9th Cir. 2018), *superseded on denial of rehearing sub nom.*, *Whitaker*, 752 F. App'x 482 (9th Cir. 2019); *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018); *Caffie v. Krueger*, No. 17-cv-00487, slip. op. (S.D. Ind. Jan. 25, 2019).  As such, counsel could not have cited these opinions and this Court could not have relied upon them in determining whether Petitioner qualified for ACC status.

As for the three decisions cited by Petitioner that preceded his sentencing, *see* [1] at 4 n.1 (citing *McCoy v. United States*, 707 F.3d 184 (2d Cir. 2013)); [21] at 2–3 (first citing *Mathis*, 136 S. Ct. 2243; and then citing *Hinkle*, 832 F.3d 569), these cases, again, would not have changed the outcome.  In *McCoy*, the Second Circuit held that a conviction under a certain Connecticut statute did not qualify as a "felony drug offense" for purposes of the ACCA because the statute criminalized the sale of two opiate derivatives that no longer fell "within the federal definition of 'a felony drug offense.'"  707 F.3d at 187–88.  This opinion, however, is neither binding nor persuasive authority, because it concerns a different controlled substance and a different state statute.  And, as discussed above, at the time of Petitioner's sentencing, courts in this circuit had already rejected *Mathis* and *Hinkle*-based arguments that an Illinois cocaine delivery conviction did not qualify as a predicate offense under the ACCA.  None of these decisions, nor any argument from counsel, would have changed this Court's finding that Petitioner's cocaine delivery conviction

under Illinois law constituted an ACC qualifier or otherwise resulted in a lower sentence.[2]

Because Petitioner cannot show deficient performance or prejudice, he is not entitled to vacatur of his sentence or an evidentiary hearing based upon counsel's assistance during sentencing.

### 2. Assistance on Appeal

#### a. Failure to Challenge Illinois Drug Conviction as an ACC Qualifier on Appeal

*Strickland*'s two-prong test governs claims of ineffective assistance of appellate counsel, "but with a special gloss when the challenge is aimed at the selection of issues to present on appeal." *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). Namely, appellate counsel is "not required to present every non-frivolous claim on behalf of her client." *Id.* Rather, appellate counsel performs deficiently under *Strickland* "only if she fails to argue an issue that is both 'obvious' and 'clearly stronger' than the issues actually raised." *Id.* at 898 (quoting *Brown v. Finnan*, 598 F.3d 416, 425 (7th Cir. 2010)). Furthermore, to show prejudice, a petitioner must also show that there is "a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised." *Lee v. Davis*, 328 F.3d 896 (7th Cir. 2003).

---

[2]Despite Petitioner's claims, a change in his guideline calculation would not have resulted in a lower sentence in light of the other sentencing factors under 18 U.S.C. § 3553. As this Court noted at the hearing: "In this instance, I'm going to also indicate that having considered the factors and the sentence, the sentence I'm going to impose would be the same even if the guidelines were a little bit different. I believe the guidelines were properly calculated here, and the Court's rulings regarding the two objections were appropriate. But under 3553, the sentence would be essentially the same in either case anyway." *Rule*, No. 16-cr-00420, [89] at 38.

Here, Petitioner alleges deficient performance on appeal because counsel raised "the issue of attempted murder as a viable predicate for purposes of the § 924(e) enhancement" against Petitioner's wishes, "instead of raising the meritorious issue of his 5/5/98 Illinois state prior [drug] conviction being . . . precluded from being used as a predicate offense for purposes of the § 924(e) enhancement." [1] at 8–9. But, as discussed above, an attorney's failure to follow her client's every instruction does not, without more, render her performance deficient. Instead, this Court can find counsel's performance deficient only if the challenge against the use of Petitioner's cocaine delivery conviction as an ACC qualifier was "clearly stronger" than an argument against the use of Petitioner's Illinois attempted murder conviction. Petitioner asserts that "there is 'no doubt' that" an argument against the use of his cocaine delivery conviction as an ACC qualifier was "clearly stronger" than the issue actually raised, resting his argument upon two cases: *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018) and *Caffie v. Krueger*, No. 17-cv-00487, slip. op. (S.D. Ind. Jan. 25, 2019). [1] at 10. Not so.

In *Elder*, the Seventh Circuit held that an Arizona dangerous drug conviction did not qualify as a federal drug offense under the three strikes rule of 21 U.S.C. § 841(b)(1)(A) because "Arizona's definition of 'dangerous drug'" was "broader than the list of drugs covered" under the relevant federal statute. 900 F.3d at 497. But *Elder* involved both a different set of facts and a different state criminal statute, and Petitioner does not explain why the case would or should apply here. Likewise, even if *Caffie* did apply, this district court opinion would not have bound the Seventh

14

Circuit and, more importantly, it could not have changed that court's analysis, having been issued *after* the circuit court ruled on Petitioner's appeal.[3]

Petitioner's conclusory assertion that his attorney failed to make an argument that was "clearly stronger" than the issue raised on appeal does not square with the record. Accordingly, this Court finds that Petitioner is not entitled to relief based upon counsel's failure to follow his instructions on appeal.

### b. Failure to Address *Rehaif v. United States*

Petitioner also claims that counsel's performance on appeal was constitutionally ineffective because she did not move for a stay pending the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). [1] at 11–12. In *Rehaif*, the Court held that in "a prosecution under 18 U.S.C. § 922(g), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Petitioner claims that the jury instructions in his case ran "afoul of the constitutional requirements in *Rehaif*" because they did "not accurately reflect that Petitioner knew that his possession of the firearm was

---

[3] Moreover, because Petitioner did not challenge his cocaine delivery conviction as an ACC qualifier at sentencing, he forfeited the presentation of this issue on appeal. *Puckett v. United States*, 556 U.S. 129, 134 (2009) (stating that if a "litigant believes that an error has occurred (to his detriment) during a federal judicial proceeding," yet fails to object "in a timely manner, his claim for relief from the error is forfeited"); *see also United States v. Kirklin*, 727 F.3d 711, 717 n.2 (7th Cir. 2013) (noting that "a claim must be advanced, if it is to be preserved, even when all precedent is contrary" (quoting *United States v. Messino*, 382 F.3d 704, 715 (7th Cir. 2004) (Easterbrook, J., dissenting))). Accordingly, to the degree the Seventh Circuit would have reviewed this argument at all, it would have done so for plain error only, *see Puckett*, 556 U.S. at 135 (describing it as "difficult" for plain error claims to succeed); *see also* Fed. R. Crim. P. 52(b), and when appellate attorneys decline to raise plain error claims, courts "rarely conclude" that their "performance was constitutionally deficient." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998).

unlawful," and, thus, did not require the government to prove that Petitioner knew he was in a class of individuals "prohibited from possessing a firearm." [1] at 12 n.6.

Petitioner's claim of ineffective assistance of counsel here fails for two reasons. First, the alleged facts do not show deficient performance. Petitioner argues that his attorney failed to anticipate a legal development that may have benefited his appeal. But, as this Court notes above, defense attorneys "are generally not obliged to anticipate changes in the law." *Shaw*, 721 F.3d at 916. And, here, Petitioner makes no argument that *Rehaif* was "foreshadowed" by existing case law at the time of his sentencing. Thus, the failure to move for a stay here did not constitute deficient performance.

Even if Petitioner could show deficient performance, he cannot show prejudice. Had counsel successfully sought a stay on appeal and then argued for vacatur in light *Rehaif*, the Seventh Circuit would have reviewed the issue for plain error only, because Petitioner did not previously challenge the jury instructions or the government's failure to prove scienter. Under plain-error review, appellate courts have discretion to correct an error not raised at trial only if there is "(1) 'error', (2) that is 'plain,' and (3) that 'affect[s] substantial rights,' provided that "(4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Maez*, 960 F.3d 949, 956 (7th Cir. 2020) (second alteration in original) (quoting *Johnson v. United States*, 520 U.S. 461, 464–66 (1997)), *petition for cert. filed*, No. 20-6129 (U.S. Oct. 19, 2020). In this case, even if

the alleged *Rehaif* error could have met the first and second prongs of the plain-error test, *see id.* at 964, Petitioner would still come up short under the third prong.

To determine whether such an omission affected a defendant's substantial rights (the third prong), reviewing courts ask whether "it appeared 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *United States v. Caira*, 737 F.3d 455, 464 (7th Cir. 2013) (quoting *Neder v. United States*, 527 U.S. 1, 15 (1999)). Courts will "usually conclude that the error did not contribute to the verdict" if "'overwhelming evidence' before the jury proved the omitted element." *Maez*, 960 F.3d at 964 (quoting *United States v. Groce*, 891 F.3d 260, 269 (7th Cir. 2018)).

At trial, Petitioner stipulated that he had previously been convicted of a felony, *Rule*, No. 16-cr-00420, [62] at 22:9–20, thus the jury could "reasonably think" that Petitioner's "felony conviction" was "a life experience unlikely to be forgotten," *Maez*, 960 F.3d at 964. The jury also heard testimony detailing Petitioner's attempts to evade law enforcement in the moments leading up to his arrest, *Rule*, No. 16-cr-00420, [62] at 28:13–35:12, 86:13–93:10, 111:22–119:14, testimony that is "at least probative of the fact that" Petitioner "knew he had a prohibited status when he possessed" the firearm. *Maez*, 960 F.3d at 965.

Moreover, even if the claimed error did affect Petitioner's substantial rights, any such error still did not affect "the 'fairness, integrity, or public reputation of judicial proceedings'" because it did not create a "substantial risk of convicting an innocent person." *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005)

(quoting *Johnson*, 520 U.S. at 466–67). Absent such risk, the Seventh Circuit would not have exercised its discretion to correct the error. *See, e.g.*, *Maez*, 960 F.3d at 964–66 (declining to exercise discretion to correct *Rehaif* errors in jury instructions where appellants' undisputed pre-sentence reports listing prior felony convictions supported conclusion that appellants were aware of their status as felons at the time they were in possession of firearms).

Because Petitioner cannot show deficient performance or actual prejudice, his claim of ineffective assistance of counsel based upon his attorney's failure to seek a stay fails.

## B.    Failure to Prove Scienter

Beyond his ineffective assistance of counsel claims, Petitioner seeks vacatur of his sentence in light of the government's failure to prove the scienter requirement "expressly articulated" in *Rehaif* and the fact that "the jury instructions" were not "in accord with the constitutional requirements mandated in *Rehaif*." [1] at 11. Petitioner, however, failed to raise this claim at trial or on direct appeal and, as a result, it is procedurally defaulted and "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Although a petitioner may overcome procedural default by showing "cause" for the default and "actual prejudice," *Farmer v. United States*, 867 F.3d 837, 842 (7th Cir. 2017), Petitioner cannot clear this hurdle.[4] And, as with his ineffective assistance of counsel claims,

---

[4] Additionally, Petitioner cannot overcome procedural default by proving he is "actually innocent," *Carter v. Douma*, 796 F.3d 726, 734 (7th Cir. 2015) (quotation omitted), because such an argument remains wholly inconsistent with the record in this case.

18

Petitioner cannot show any prejudice from the purported error. Accordingly, he is not entitled to vacatur.

## C. Attempted Murder as an ACCA Qualifier

In a recent amendment to his petition, [22], Petitioner asks this Court to consider whether *United States v. Taylor*, No. 20-1459, 142 S. Ct. 2015 (2022), applies retroactively to invalidate the use of Petitioner's state law attempted murder conviction as an ACCA qualifier.[5]

In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery does not constitute a categorical "crime of violence" under § 924(c)(3)(A) because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." *Id.* at 2021. Petitioner seeks to extend *Taylor*'s reasoning, arguing that Illinois attempted murder does not constitute a categorical crime of violence under § 924(e) of the ACCA because proof of attempt only requires proof of a substantial step towards commission of the crime as a whole, rather than proof of attempt of each element. [22] ¶ 6.

Prior to *Taylor*, the Seventh Circuit's position on this question was clear: attempted murder in violation of Illinois law constitutes a crime of violence for purposes of § 924(e) and similar statutes. The Seventh Circuit explicitly rejected the reasoning Petitioner now offers, construing attempted murder as a violent felony

---

[5] The amended petition was filed well after the one-year limitations period expired. *See* 28 U.S.C. § 2255(f). Petitioner's amendment raises an additional ground for relief, and thus does not relate back to the original petition. The Court thus assumes that Petitioner seeks to rely on 28 U.S.C. § 2255(f)(3), which permits tolling of the limitations period when the Supreme Court recognizes a new right and makes it retroactively applicable to cases on collateral review. For the purposes of judicial economy, this Court assumes, without deciding, that review is applicable, but finds no merit in Petitioner's argument.

because "one must *intend* to commit every element of the completed crime in order to be guilty of attempt." *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017) ("When a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony."); *see also United States v. Rule*, 744 F. Appx. 960, 961 (7th Cir. 2018) (applying *Hill* to Petitioner's arguments on direct appeal).

The Seventh Circuit has not explicitly reexamined its holding in *Hill* since the Supreme Court decided *Taylor*, but *Taylor* does not cast doubt on *Hill* in the manner that Petitioner suggests.

In deciding *Taylor*, the Supreme Court relied upon the fact that the completed offense of Hobbs Act burglary can be completed via "threat of force" and thus does not categorically require the use of force. Because the elements clause reaches attempts to use force and threats to use force, but not attempts to threaten the use of force, the Court held that attempted Hobbs Act robbery falls outside the scope of the clause.

Attempted murder in Illinois, however, raises no parallel "attempt to threaten" dynamic. Murder cannot be completed by mere threat but rather *requires* the use of force, and thus attempted murder necessarily involves the attempted use of force, as the Seventh Circuit held in *Hill*. 877 F.3d at 719. Moreover, while the Seventh Circuit has not squarely addressed this question since *Taylor*, other circuits have continued to uphold the use of similar attempted murder convictions as ACCA qualifiers after *Taylor*. *See, e.g. Alvarado-Linares v. United States*, 44 F.4th 1334, 1346 (11th Cir. 2022); *Edmond v. United States*, No. 20-1929, 2022 WL 3585638, at

20

*5 (6th Cir. Aug. 22, 2022). As such, the Courts rejects Petitioner's suggestion that *Taylor* compels any relief here.

## IV. CERTIFICATE OF APPEALABILITY

Per Rule 11(a) of the Rules Governing Section 2255 Proceedings, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." This Court must now determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Evans v. Circuit Court of Cook Cty.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotations omitted).

In view of the analysis set forth above, the Court concludes that Petitioner has failed to make the requisite showing that reasonable jurists would differ regarding the merits of his claims. Petitioner's ineffective assistance of counsel claims fail both prongs of *Strickland* and he was not prejudiced by the failure to stay his appeal pending the outcome of *Rehaif v. United States*. Accordingly, this Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

21

## V.    CONCLUSION

For the reasons explained above, this Court denies Petitioner's § 2255 motion to vacate, set aside, or correct his sentence [1], and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c). Civil Case Terminated.

Dated:  January 25, 2023

Entered:

John Robert Blakey
United States District Judge